985 F.2d 554
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Timothy Donell HEILIGH, Defendant-Appellant.
 No. 92-5535.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 11, 1992
Decided: February 8, 1993
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-91-102)
 George V. Laughrun, II, GOODMAN, CARR, NIXON & LAUGHRUN, Charlotte, North Carolina, for Appellant.
 Thomas J. Ashcraft, United States Attorney, Patrice P. Lewis, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before PHILLIPS, NIEMEYER, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Timothy Donell Heiligh appeals from the final judgment entered by the district court following his conditional plea of guilty to federal drug and firearms charges. We affirm.
 
 
 2
 Heiligh moved to suppress evidence taken from his car, arguing that the stop was pretextual. After a hearing, a magistrate judge recommended that Heiligh's motion to suppress evidence be denied, and the district court adopted the recommendation. Heiligh subsequently entered into a plea agreement which preserved his right to appeal the denial of the motion to suppress.
 
 
 3
 In April 1991, Officer Hart of the Charlotte Police Department, while on routine patrol, observed Heiligh driving a car. Two other passengers were also riding in the vehicle. Though it was approximately 10:30 at night, with the illumination from his car's lights and surrounding street lights Hart observed that Heiligh was not wearing a seat belt. Hart activated his lights and Heiligh came to a stop. When asked for his driver's license Heiligh produced a North Carolina ID card because, he stated, he did not have his license. A record check conducted by Hart revealed that Heiligh's license had been revoked and that there was an outstanding warrant for his arrest.
 
 
 4
 Hart returned to Heiligh's vehicle and placed him under arrest for driving with a revoked license and on the outstanding warrant. Heiligh then told Hart that there was an unloaded weapon in the car. Pursuant to the arrest, Hart conducted a search of the vehicle which revealed two firearms and crack cocaine.
 
 
 5
 At the suppression hearing Officer Hart testified to the foregoing facts. In addition he testified that he was on routine patrol and was not conducting any sort of drug sweep or search for Heiligh. He stated that he routinely stops motorists for driving without seat belts, asks for their driver's licenses, and then issues them written or verbal warnings. Heiligh did not offer any evidence at the hearing. We find that the district court properly declined to suppress the evidence.
 
 
 6
 Two tests have evolved for determining whether a stop is pretextual. Some courts hold that an investigative stop is proper if the officer is legally entitled to make the stop and the police are doing "no more than they are legally permitted and objectively authorized to do." United States v. Trigg, 878 F.2d 1037, 1041 (7th Cir. 1989); accord United States v. Cummins, 920 F.2d 498, 500-01 (8th Cir. 1990), cert. denied, 60 U.S.L.W. 3358 (U.S. 1991); United States v. Causey, 834 F.2d 1179, 1184-85 (5th Cir. 1987) (en banc). Other courts hold that an investigative stop is valid as not pretextual not if the officer could legally have stopped the vehicle, but rather if a "reasonable officer would have made the seizure in the absence of illegitimate motivation." United States v. Smith, 799 F.2d 704, 708 (11th Cir. 1986); accord United States v. Guzman, 864 F.2d 1512, 1517 (10th Cir. 1988). This Court has not expressly adopted either of these tests. See United States v. Rusher, 966 F.2d 868, 876 (4th Cir. 1992). We need not do so in the present appeal as under either test the stop was proper and the evidence seized during the stop was consequently admissible.
 
 
 7
 Under the first test the stop of Heiligh was clearly permissible. In Rusher this Court held that a police officer stopping a vehicle for a violation of the North Carolina seat belt law is doing no more than he is objectively authorized and legally permitted to do. Rusher, 966 F.2d at 876.
 
 
 8
 As for the second test, Hart's testimony that he regularly stopped motorists for violations of the seat belt law was uncontradicted. There was no evidence by Heiligh that other officers did not also do so. Once Hart stopped Heiligh for the seat belt violation, it was permissible for him to request Heiligh's driver's license and to run a computer check on it. Rusher, 966 F.2d at 876. The record check revealed that Heiligh was driving on a revoked license and that a warrant was outstanding for his arrest. Heiligh was properly arrested on these charges. As a result, the search of the vehicle was proper as being incident to the arrest. See New York v. Belton, 453 U.S. 454 (1981) (when police make valid arrest of occupant of vehicle, they may search passenger compartment and any containers within passenger compartment).
 
 
 9
 Accordingly, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED